Archibald G. Wemple, J.
The appeal herein brings up for review a speeding conviction — namely, a traffic infraction under the Schenectady ordinance. Neither the ordinance itself nor any of the rules or regulations emanating from the Schenectady Traffic Commission created thereunder were offered in evidence on the trial.
The trial record sets forth the testimony of the police officer who states that on November 8, 1958, while riding alone in a police prowl car, he observed the defendant ahead at the intersection of State Street and Consaul Road, followed him for a few blocks on Consaul Road, looked at his speedometer and clocked “ the defendant at 45 miles per hour over an unmeasured distance, then stopped the defendant and gave him a ‘ yellow ’ copy of a uniform traffic ticket. ’ ’ He also testified that the 11 records of the police department ” showed that the speedometer “ of the police car had been tested on August 20th, 1958 ’ ’ and that said records showed that it (the speedometer) varied about 3 miles per hour from the radar test. On the other hand, the defendant testified, among other things, that he did not receive a ticket from the officer on the evening in question; that he was only going 25 miles per hour and that the officer had stopped him and his brothers on several previous occasions without making an arrest.
In the brief and on the argument defendant’s counsel urged two main points. The first related to the ordinance referred to above and counsel argued that it, like section 56 of the New York State Vehicle and Traffic Law, contained an exception which was a “true” exception. The New York courts have construed the State law exception to be one which must be negated both in the pleading and by the proof. The second point in defendant’s counsel’s argument attacked the sufficiency of the proof by the People.
Section 12 of article IV of the Traffic Ordinance of the City of Schenectady, effective March 2, 1942, reads as follows:
“ (a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing.
“ (b) It shall be unlawful to operate any vehicle within the City of Schenectady in excess of 25 miles per hour; except as otherwise may be provided by rules of the Traffic Commission of the City of Schenectady.
“ (c) The violation of any of the provisions of this section shall constitute a misdemeanor.”
It appears that since its adoption, there have been various amendments to the Traffic Ordinance and, among other things, *1067 speeding lias been reduced from a misdemeanor to a traffic infraction by Ordinance No. 10,460, adopted January 27, 1947.
In addition to the cited section 12 of. the Traffic Ordinance, article VII thereof sets up the personnel, duties and functions of the Traffic Commission. It appears therefrom that said commission has the authority to establish rules as to certain matters such as crosswalks, left turns, play, streets, loading zones, parking restrictions, signs, speed, etc., within the city limits. Section 4 thereof provides that certain exemptions be granted to emergency vehicles in that drivers thereof may “ exceed the established speed limits so long as he does not endanger life and property.”
In the case on review, there was no proof of whether or not the defendant came within the stated exemption or the exception mentioned in subdivision (b) of the ordinance. Nor is there any proof that there was any determination by the Traffic Commission of a speed limit on Consaul Road, where the alleged offense occurred.
The Court of Appeals held in People v. Smith (299 N. Y. 707, affg. 192 Misc. 965) that the burden was upon the People to not only allege in the information, but to prove upon the trial that no greater speed than 50 miles an hour was permitted on the highway in question. This case involved an alleged speed in violation where the State highway limit of 50 miles per hour was involved.
In the case at bar the ordinance contains an exception which has the same or similar force and effect as the State law. If this is so, then it was necessary for the People not only to prove the speed limit but also to allege in the information and to prove on trial that the defendant did not come within the scope of this exception. The wording of subdivision (b) of the Traffic Ordinance “ except as otherwise may be provided by rules of the Traffic Commission of the City of Schenectady” clearly states that the said commission had the authority to vary the 25-mile an hour rate of speed in certain areas, streets or roadways of the city. It would seem, therefore, that the negativing of the exception should have been an integral part of the information and the proof on the trial herein. The rule enunciated in People v. Smith (supra) has been followed consistently by the courts (People v. Algie, 14 Misc 2d 619; People v. Gross, 130 N. Y. S. 2d 282; People v. Palumbo, 130 N. Y. S. 2d 583; People v. Martin, 129 N. Y. S. 2d 888 [Liddle, J.] ; People v. Cappiello, 133 N. Y. S. 2d 649 [Sherman, J.]).
Following the logic and ruling of this Court of Appeals decision, this court concludes that the information herein is fatally *1068 defective and the proof insufficient to sustain the judgment of conviction herein.
It should also he noted that only the defendant’s counsel filed a brief on this appeal. Both sides appeared on the argument.
Since the conviction must be reversed on the first point raised by defendant’s counsel on this appeal, further discussion of the second point is unnecessary.
Upon the foregoing review of the law and the facts, this court reverses the conviction of the defendant; directs that the fine be remitted, and the defendant’s license be corrected to delete this conviction.
Submit order accordingly.