Abraham J. G-ellinopp, J.
The defendant demurs to the indictment on the ground that the facts stated do not constitute a crime (Code Grim. Pro., § 323, subd. 4). The charge is abortion. Section 80 of the Penal Law defines the crime of abortion as the commission of certain acts with intent thereby to procure the miscarriage of a woman “ unless the same is necessary to *602 preserve the life of the woman, or of the child with which she is pregnant” (italics supplied). The indictment alleges the commission by defendant of certain acts with intent thereby to procure the miscarriage of a named woman, “ the same not being necessary to preserve her life and the life of the child with which she was pregnant ” (italics supplied).
The defendant contends that the use of the conjunctive ‘ ‘ and ’ ’ in the indictment, although the statute in defining the exceptions to the crime states ‘ ‘ unless the same is necessary to preserve the life of the woman, or of the child with which she is pregnant ’ ’ is prejudicial to the defendant in that it places a greater burden on him than that contemplated by the statute.
The People contend that the use of the conjunctive “ and ” instead of the disjunctive “ or ” is essential in order that the exceptions in the statute be adequately negatived in the indictment. The law provides for two exceptions to culpability, the establishment of either one being sufficient to exculpate the defendant. The People, therefore, must negate both exceptions, i.e., show that both do not exist. Therefore the indictment is necessarily worded “ the same not being necessary to preserve her life and [not being necessary to preserve] the life of the child.5 ’
Even if the indictment were worded erroneously, as defendant contends, he is not prejudiced and no greater burden is placed on him. The courts have held time and again that the words “and” and “or” are used interchangeably and may be so construed without prejudicing the defendant. State v. Rooney (2 Wn. [2d] 17) held that an indictment may employ the conjunctive “and” where the statute uses “or” and will not therefor be vulnerable to attack on demurrer as insufficient to inform the accused of what he is charged with. In Bell v. State (88 Tex. Cr. R. 507) the court stated that the use of “ and ” instead of “or” in an indictment to negative the statutory exceptions does not render the indictment void, since the State is required to prove the act was not subject to the statutory exceptions. The People are in fact required to establish that none of the statutory exceptions exists, and it is not the defendant’s burden to establish affirmatively that one or both of the exceptions do exist, as is his contention. The demurrer is overruled.