457 P.2d 905

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Florentino SEGOVIA and Ramiro Hernandez Garcia, Defendants-Appellants.**

No. 10233.

Supreme Court of Idaho.

July 9, 1969.

Rehearing Denied Sept. 4, 1969.

Henry F. Reed, Boise, for appellants.

Robert M. Robson, Atty. Gen., and William D. Collins, Asst. Atty. Gen., and Wilfrid W. Longeteig, Deputy Pros. Atty., Boise, for appellee.

McFADDEN, Chief Justice.

Appellants Florentino Segovia and Ramiro Hernandez Garcia were by a jury found guilty of illegal possession of a narcotic drug, following which they were sentenced to a term in the state penitentiary of not to exceed thirty months. They have appealed from their respective judgments of conviction.

During the course of trial, two police officers testified that on October 14, 1967 they were in their patrol car parked adjacent to a bar on Main Street in Boise, when they saw the defendants walk through the parking lot toward Main Street. The defendants were both smoking a cigarette, passing it back and forth between them. As they approached Main Street, one of the defendants dropped the cigarette, and both defendants turned the corner and went into the bar.

The officers testified they walked to where the cigarette was discarded, searched the area and found only one cigarette in the area, it being still lit and the other end still moist. The officers observed it was a home made cigarette, broke it open and identified the contents to be marihuana. The officers entered the bar and placed the defendants under arrest. A search of the defendants' persons produced another cigarette from Garcia's pocket which was also determined to contain marihuana. At the police station a more thorough search of their clothing produced loose marihuana and its residue.

At trial a pharmacist and medical technologist testified that he examined and

tested by microscopic and eye examination and also performed chemical tests to the material in the cigarette obtained from the parking lot and from Garcia's person, and expressed his opinion that they contained marihuana.

On the basis of this testimony the jury found the defendants guilty as charged in the information, the charging part of which provides:

"That the said defendants * * * on or about the 14th day of October, 1967 in Boise, Ada County, Idaho, that is near the 807 Bar, then and there being, did then and there wilfully, intentionally, feloniously and unlawfully possess a narcotic drug, towit; marijuana (marihuana) without a written prescription therefor of a physician, dentist, podiatrist, osteopath or veterinarian licensed to practice in said state."

The statute under which the defendants were charged is I.C. § 37–3202 (enacted S. L.1967, Ch. 435, § 93, p. 1494), which provides:

"Except as otherwise provided in this act, every person who possesses any narcotic except upon the written prescription of a physician, dentist, podiatrist, osteopath or veterinarian licensed to practice in this state, may be punished by imprisonment in the state prison for a term of not to exceed ten (10) years."

No evidence was presented by the state to negate possession by the defendants of a prescription for the marihuana found in their possession, and the defendants contend that absent such proof by the state the facts as proven are insufficient to establish commission of the crime charged. In other words, the defendants assert that the burden is upon the state to negative the exception in I.C. § 37–3202. The state, on the other hand, contends that the burden is upon the defendants to prove that they are within the exception—that it was incumbent upon the defendants to produce a prescription authorizing their possession of the narcotic.

In support of its position the state has cited three California decisions interpreting a statute similar to I.C. § 37–3202, which cases held that the accused had the burden of presenting evidence showing his activities were excepted from operation of the pertinent statute. People v. Martinez, 117 Cal.App.2d 701, 256 P.2d 1028 (1953); People v. Harmon, 89 Cal.App.2d 55, 200 P.2d 32 (1948) and People v. Boo Doo Hong, 122 Cal. 606, 55 P. 402 (1898).

Examination of these California authorities presents a rather unique situation, in that People v. Martinez relies upon People v. Boo Doo Hong, as does People v. Harmon, as the basic authority for the rule that the burden is on the accused to show his activities were lawful. In People v. Boo Doo Hong, decided by the California Supreme Court in 1898, it is stated:

"It is contended for appellant that the said instruction was erroneous and misleading, and that the verdict was not justified by the evidence, because in a criminal action the defendant is presumed to be innocent until he is proved guilty beyond a reasonable doubt, and this presumption continues through the entire trial, and the burden is upon the people to establish his guilt by proving every material allegation of the information; and that, as the information charged that defendant had practiced medicine without having a certificate to do so, it devolved upon the people to prove that fact, and, having entirely failed to offer any such proof, he ought not to have been convicted, and his motion for new trial should have been granted. The general rule is undoubtedly as above stated, but there is a well recognized exception to the rule, where there is a negative averment of a fact which is peculiarly within the knowledge of the defendant. Mr. Greenleaf, in his work on Evidence (volume 1, § 79), under the heading 'Negative Allegations,' says: 'But, when the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved

by that party. Such is the case in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any persons, except those who are duly licensed therefor; as, for selling liquors, exercising a trade or profession, and the like. Here the party, if licensed, can immediately show it without the least inconvenience; whereas, if proof of the negative were required the inconvenience would be very great,' * * *." 55 P. at 403.

The uniqueness of this situation is to be found not in the rule which is applied, but in the failure of the court to refer to a statute then in existence in California which eliminated the need to prove any but the affirmative allegations (Code of Civ. Procedure, § 1869 (1872)), made applicable to criminal actions by Penal Code § 1102 (1872).

Prior to the enactment of the present narcotic law (S.L.1967, Ch. 435), Idaho's statutory provisions on narcotics (Title 37, Ch. 23) contained the following provision:

> "In any complaint, information, or indictment, and in any action or proceedings brought for the enforcement of any provision of this act, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this act, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant." I.C. § 37–2318.

In 1967, however, the legislature repealed this and all other sections of Chapter 23, Title 37. S.L.1967, Ch. 435, § 119, p. 1469. The California line of authority cited by the state is, therefore, inapposite as resting upon a statutory provision which Idaho does not now have.

■ In the absence of a statute, the general rule is that the burden is upon the state in a criminal case to negative any exception or proviso appearing in that part of the statute which defines the crime if the exception is "so incorporated with the language describing and defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted * * *." 41 Am.Jur.2d, Indictments and Informations, § 98, pp. 940–941. Under such circumstances, the state must aver in the information and prove at trial that the defendant is not within the exception to the statute. See People v. Hosier, 19 Misc.2d 1065, 189 N.Y.S.2d 921 (1959); People v. Harrison, 40 Misc.2d 601, 243 N.Y.S.2d 432 (Sup. 1963); Town of West Orange v. Jordan Corp., 52 N.J.Super. 533, 146 A.2d 134 (1958); United States v. Bailey, 277 F.2d 560 (7th Cir. 1960); State v. Pilkinton, 310 S.W.2d 304 (Mo.App.1958); and Annot. 153 A.L.R. 1218 at 1243–1245.

■ It is our opinion that the exception contained in I.C. § 37–3202 is an integral part of the offense proscribed and is so incorporated with the description of the offense as to be a material element of it. The exception defines the scope of the general prohibition of I.C. § 37–3202 since it is not a crime to possess a narcotic drug pursuant to a valid prescription. The crime is defined as possession without a valid prescription, and thus the absence of such a prescription is of necessity a material element of the offense.

The state strenuously argues that the existence of a prescription is a matter peculiarly within the defendant's own knowledge and that to force the state to prove the non-existence of a prescription imposes an impossible burden upon the state. We do not agree. Whatever may be the situation in other jurisdictions, in Idaho the state has ready access to all prescriptions filled in the state. See I.C. § 37–3017, whereby copies of all *narcotic prescriptions* filled by pharmacists must be filed monthly with the Idaho State Board of Pharmacy. It is far from impossible for the state to establish a prima facie showing of the absence of a prescription. The fact that the legislature repealed the statute relieving the state of this burden and did not see fit to replace it with a comparable provision in the new statute regulating narcotic drugs (S.L.1967, Ch. 435) is a strong indi-

cation that the legislature intended for the state to assume this burden.

However, in regard to marihuana (defined by I.C. § 37–2704), the legislature classified this as a Class A narcotic drug, as follows:

"IV MARIHUANA (Cannabis sativa), its derivatives or compounds. (Marihuana is not presently used for medicinal purposes in the United States.)" I.C. § 37–2702 (S.L.1967, Ch. 435, § 2, p. 1443).

By this classification, with the parenthetical statement that marihuana is not presently used for medicinal purposes, the legislature must have recognized that no prescription for such drug could be obtained, and intended that in a prosecution under the provisions of I.C. § 37–3202 for possession of the narcotic marihuana, it would be a useless act to require the state to prove absence of any prescription for the drug, when the law itself recognizes that no prescription is obtainable. Insofar as the instant case is concerned, the law itself by classification of marihuana as a drug not used for medicinal purposes, negates the burden on the state to prove absence of a prescription.

There being no burden on the state to prove absence of a prescription for marihuana and there being substantial evidence to sustain the judgments, the judgments of conviction are affirmed.

McQUADE and SPEAR, JJ., and NORRIS, D. J., concur.

BELLWOOD, D. J., concurs in the result.