861 P.2d 107

STATE of Idaho, Plaintiff–Respondent,

v.

Brian Jeffrey MALAND, Defendant–Appellant.

No. 19749.

Court of Appeals of Idaho.

Oct. 1, 1993.

Vrable & Jackson, Hayden, for appellant. J. Brantley Jackson argued.

Hon. Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent. Douglas A. Werth argued.

CAREY, Judge Pro Tem.

This is an appeal from a decision of the district court affirming a judgment of conviction against appellant Brian Jeffrey Maland for the crime of unlawful possession of alcohol. I.C. § 23–949. The appeal concerns a ruling on a motion to suppress, the relationship between two liquor-law statutes, and the sufficiency of the state's case to support the judgment. The decision is reversed.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 29, 1990 at approximately 12:30 a.m., Coeur d'Alene police officers saw a four-door sedan with one female and two male passengers parked by itself in the parking lot of the Museum of North Idaho. The Museum had been closed for some time. The officers stopped to tell the people in the car that the lot was closed and that they no longer could park there. The officers saw that Maland was the sole occupant of the back seat. The other man and the woman were seated in the front. The officers also saw an open Rainier beer case on the floor of the rear seat area next to Maland. The case contained both full and empty cans of beer. Maland was eighteen years old at the time of the incident. There was no evidence of the ownership of the car or of the identity or age of the other people in the car.

Maland was charged under I.C. § 23–949 with possession of an alcoholic beverage by a person under the age of twenty-one. As the result of a hearing on a motion to suppress, Magistrate Judge Luster suppressed Maland's response to a police ques-

tion about his age and all other responses by Maland to police interrogation after being asked his age. The state, however, had other evidence of Maland's age. The record does not affirmatively show that the answer to an earlier question about Maland's name was suppressed.

Both sides waived a jury and the case was tried to Magistrate Judge Marano. At the end of the state's case, Maland moved to dismiss on the grounds that the state had failed to establish that the other two occupants of the car were not his parents and were not under the age of twenty-one and that Maland was not making a delivery of the beer pursuant to the order of his parents or his employer. The magistrate denied the motion and Maland rested without presenting any evidence. The magistrate found Maland guilty and entered a judgment of conviction.

Maland appealed to the district court, which affirmed the judgment. Maland then appealed to the Supreme Court, and the case was assigned to the Court of Appeals.

## MOTION TO SUPPRESS

Maland argues that the two magistrates who handled the case erred in failing to suppress evidence of Maland's identity. In the alternative he argues that Judge Luster did suppress evidence of Maland's identity elicited in response to police questioning and that Judge Marano thereafter improperly permitted evidence of identity to be introduced at trial.

Maland failed to present a record of the hearing on the motion to suppress other than some of Magistrate Judge Luster's concluding remarks, which were included in the trial record. He has not given a reason for the omission. An appellant bears the burden of presenting a record sufficient to substantiate his arguments and sufficient to enable an appellate court to decide the issue. When an appellant fails to meet this burden without explaining why an adequate record has not been prepared, we will not presume or con-

clude that the lower court committed error. *State ex rel. Hodges v. Hodges*, 103 Idaho 765, 653 P.2d 1177 (1982); *State v. Hardman*, 121 Idaho 873, 828 P.2d 902 (Ct.App. 1992). On the record before us, there is no basis for reviewing the suppression issue.

## INTERPRETATION OF CONFLICTING STATUTES

■ Maland argues that the "parental order" exception contained in I.C. § 23–1023 is applicable to his case even though he was prosecuted under I.C. § 23–949.

Idaho Code §§ 23–949 and 23–1023 were enacted in their current versions by the same session of the Legislature. 1987 Idaho Sess.Laws, ch. 212, §§ 9 and 11. I.C. § 23–1023 prohibits a person under the age of twenty-one from possessing beer. The statute excepts from its application the following acts of possession by a person under twenty-one:

This section does not apply to possession by a person under the age of twenty-one (21) years making a delivery of beer in pursuance of the order of his parent or in pursuance of his employment, or when such person under the age of twenty-one years is in a private residence accompanied by his parent or guardian and with such parent's or guardian's consent.

Idaho Code § 23–949 prohibits a person under the age of twenty-one from possessing "beer, wine, or other alcoholic liquor" unless the person is over nineteen and possesses the beverage in the course of his employment and in the place of his employment. This statute, however, does not contain the parental order or consent exception.

■ Separate statutes dealing with the same subject matter should be construed harmoniously, if at all possible, so as to further the legislative intent. *State v. Paul*, 118 Idaho 717, 800 P.2d 113 (Ct. App.1990). This is especially true when the statutes to be interpreted have been enacted by the same session of the legislature. *State v. Casselman*, 69 Idaho 237, 205 P.2d 1131 (1949). When two statutes cover the same subject matter, the more specific will

prevail. *State v. Wilson*, 107 Idaho 506, 690 P.2d 1338 (1984).

Idaho Code § 23–949 is a general statute dealing with illegal possession of a number of different beverages containing alcohol, including beer. Section 23–1023 deals specifically with illegal possession of beer. Under the foregoing rules of construction, the exceptions contained in I.C. § 23–1023 must apply to all prosecutions for illegal possession of beer, even if the prosecution is brought under I.C. § 23–949. In so ruling, we do not mean to imply that the parental order exception applies to prosecutions for illegal possession of wine or alcoholic liquors other than beer.

## MOTION TO DISMISS

■ Maland argues in his brief that the state failed to prove he did not "possess the beer in delivery pursuant of the order of his parents." He contends that the absence of a parental order is a material element of the crime, and as a consequence the trial judge should have granted his motion to dismiss at the close of the state's case. *State v. Segovia*, 93 Idaho 208, 457 P.2d 905 (1969). The state contends that the parental order exception is in the nature of an affirmative defense. Until the question of a parental order has been placed in factual issue, which did not occur during the trial, the state was under no burden to establish that Maland was not delivering beer pursuant to a parental order. *State v. Nab*, 113 Idaho 168, 742 P.2d 423 (Ct.App.1987).

The cases cited by the parties demonstrate the difficulty sometimes encountered in determining whether an exception to criminal liability is a defense that has to be put in issue before the state has to prove its non-existence or whether the non-existence of the exception is a material element of the crime that the state must prove in its case in chief.

In *Segovia*, the defendants were convicted of illegal possession of marijuana, under a statute that provided:

Except as otherwise provided under this act, every person who possesses any nar-

cotic except upon the written prescription of a physician, dentist, podiatrist, osteopath or veterinarian licensed to practice in this state, may be punished by imprisonment ...

At trial the state failed to present any evidence negativing the existence of a prescription for the marijuana found in the defendants' possession. In reversing their convictions, the Supreme Court held:

[T]he general rule is that the burden is on the state to negative any exception or proviso appearing in that part of the statute which defines the crime if the exception is "so incorporated with the language describing and defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted ..."

*State v. Segovia,* 93 Idaho at 210, 457 P.2d at 907 (citations omitted).

The court concluded that the statute defined the offense as "possession without a valid prescription." As a consequence, the absence of a prescription was one of the elements of the crime that the state had to prove.

Following *Segovia* the Uniform Controlled Substances Act was revised, and in *Nab* the defendant was convicted of delivery of a controlled substance under an amended statute that provided:

Except as authorized by this chapter, it is unlawful for any person to manufacture or deliver ... a controlled substance.

At the time Nab was convicted, the Uniform Controlled Substances Act also provided that the State need not negate at trial any exemption or exception contained in the act. I.C. § 37–2745.

The *Nab* court concluded that any exemptions or exceptions to the prohibition on delivery of a controlled substance were not so incorporated in the language describing and defining the offense as to become elements of the crime.

In the present case, the exception relied upon by Maland is not found in the statute defining the crime with which he was charged but is found in a separate statute defining a less inclusive criminal prohibi-

tion. This is similar to the situation discussed in *State v. Huggins,* 105 Idaho 43, 665 P.2d 1053 (1983). Huggins was convicted of assault with intent to commit rape. Rape at that time was defined in I.C. § 18–6101 as "an act of sexual intercourse accomplished with a female" under various circumstances. The statute made no reference to the marital relationship, if any, between the accused and the victim. A separate statute, however, provided that no person could be convicted of rape of a spouse except under certain specified circumstances. I.C. § 18–6107. On appeal, Huggins argued that the evidence against him was insufficient to convict because the state had failed to present evidence of the lack of a marital relationship between the victim and himself. Although it concluded that the judgment must be reversed on a separate issue, the Supreme Court ruled that under the statutory scheme relating to rape, non-marriage was not an essential element of the crime. Rather, the existence of a marital relationship between the accused and the victim was an affirmative defense that must be placed in issue by the defense before the state was required to prove its non-existence.

While it is a close question, we conclude that the statutory scheme prohibiting possession of beer, as it was charged in this case, is controlled by the holding in *Huggins.* In each instance, the crime was defined in one statute and the exception or exemption was found in a separate statute. We conclude that in prosecutions under I.C. § 23–949, the state does not have to prove as part of its case in chief that the exceptions contained in I.C. § 23–1023 do not apply. Rather the burden is on the defendant to put the exception in issue before the state is required to present evidence negativing the exception.

█ Even if the state were required to prove the non-existence of the parental order exception as part of its case in chief, it met that burden. The state introduced no direct evidence that Maland was not acting pursuant to a parental order to deliver beer, but other circumstances shown by the evidence were sufficient to negate the exis-

tence of such an order. Maland and his companions were found in a parked car in an empty museum lot well after midnight. The case was open and contained both full and empty cans of beer. It would be irrational to infer from those circumstances that Maland might have been making a delivery of beer pursuant to a parental order.

### SUFFICIENCY OF THE EVIDENCE

Maland argues that the evidence was insufficient to show that he was in possession of the case of beer found on the floor of the rear seat area of the car.

On appellate review of the sufficiency of the evidence, we will not set aside a conviction if there is substantial evidence upon which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The evidence will be viewed in the light most favorable to the prosecution, and we will not substitute our judgment for that of the fact-finder as to the credibility of the witnesses, the weight of the testimony, or the reasonable inferences to be drawn from the testimony. *State v. Hickman,* 119 Idaho 366, 806 P.2d 959 (Ct.App.1991).

Illegal possession of contraband may be actual or constructive as well as exclusive or joint. *See State v. Fairchild,* 121 Idaho 960, 829 P.2d 550 (Ct.App.1992). Maland patently did not have actual physical possession of the beer, so the state was required to prove constructive possession. Constructive possession generally requires proof that the accused had knowledge of the contraband and possessed dominion and control over it. *State v. Garza,* 112 Idaho 778, 735 P.2d 1089 (Ct.App.1987). When several people occupy the same place where contraband has been found, mere proximity to the contraband, even coupled with accused's knowledge of the contraband, is not sufficient in itself to show control. *State v. Garza,* 112 Idaho 776, 735 P.2d 1087 (Ct.App.1987), *order granting review, rescinded,* 113 Idaho 886, 749 P.2d 1011 (1988) (evidence of knowledge and proximity insufficient to show control). Knowledge of the contraband coupled with control over the premises where the contraband is found, however, may be sufficient

to establish constructive possession. *State v. Randles,* 117 Idaho 344, 787 P.2d 1152 (1990).

Maland does not dispute the sufficiency of the evidence to show that he had knowledge of the beer in the car. He contends only that the state failed to present sufficient evidence of control to establish constructive possession. The evidence showed that Maland was seated two feet from the open case of beer and had immediate access to it. The case was labelled "Rainier" and had one flap open. Maland was closer to the beer than the other two occupants of the car. There was no evidence of the ownership of the car or the relationship, if any, between Maland and the other occupants. There was no evidence that Maland smelled of beer or alcohol, which might have led to a reasonable inference of the control element of possession, although some of the cans in the case were full and others were empty.

While the state has shown Maland's proximity to the beer and knowledge of its presence, the state has not shown any other circumstances that would lead to the conclusion that he had control over the beer sufficient to establish constructive possession. *Compare, People v. Millis,* 116 Ill.App.2d 283, 252 N.E.2d 395 (1969) (evidence insufficient to show accused, one of three people in front of car, possessed beer found on front floor of car). Furthermore, unlike *Randles,* there was no evidence that Maland had control of the premises where the beer was found, evidence that might lead to the inference that he also had control of the beer. Consequently we conclude that the judgment of conviction must be reversed.

### CONCLUSION

The judgment of conviction is reversed, and the case is remanded with instructions to enter a judgment of acquittal.

WALTERS, C.J., and SWANSTROM, J. pro tem., concur.