HORTON, J.,
dissenting.
In addition to the debate between the majority and Justice Warren Jones, I believe that there is a second, related question that merits discussion. The first debate is whether the “indivisible course of conduct” question presented by I.C. § 19-2520E, is an element of a second sentence enhancement. Justice Jones believes that it is. I join the majority in concluding that it is not. The second question, in my view, is whether application of I.C. § 19-2520E is a factual question for the jury. Both the majority and Justice Jones believe that it is not. In this regard, I part company from all my colleagues, as I would hold that I.C. § 19-2520E is an affirmative defense, to be raised by the defendant and which, having been raised, requires that a jury make the factual determination whether the two substantive crimes “arose out of the same indivisible course of conduct.” Where, as in this case, the issue has not been raised, the defense is waived.
I recognize at the outset of this discussion that neither the statutes nor our prior case-law addressing I.C. § 19-2520E are particularly helpful. Idaho Code § 19-2520 provides for an enhanced penalty of fifteen years where the defendant “displayed, used, threatened, or attempted to use a firearm or other deadly weapon while committing or attempting to commit” a variety of felonies. The statute requires that the firearm enhancement be charged in the indictment and that the use or attempted use of the firearm be found to be true by the trier of fact. I.C. § 19-2520. However, I.C. § 19-2520E states:
Notwithstanding the enhanced" penalty provisions in sections 19-2520, 19-2520A, 19-2520B and 19-2520C, Idaho Code, any person convicted of two (2) or more substantive crimes provided for in the above code sections, which crimes arose out of the same indivisible course of conduct, may only be subject to one (1) enhanced penalty-
Section 19-2520E does not specify that the “indivisible course of conduct” is to be found at sentencing or by the trier of fact. Nor is it labeled as an element of a second enhancement, a defense, or a mitigating circumstance.
None of our prior caselaw addresses whether the U.S. Supreme Court’s holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), applies to I.C. § 19-2520E. Indeed, the caselaw is somewhat inconsistent. The majority places great weight on this Court’s earlier statement that § 19-2520E “limits the otherwise mandatory duty of the district court to enhance “multiple” sentences under I.C. § 19-2520.” State v. Johns, 112 Idaho 873, 882, 736 P.2d 1327, 1336 (1987). Johns described *548 the resolution of the question whether the substantive crimes are divisible as a “factual determination.” Id. The Court continued, describing the facts of the offenses, before concluding that the district court “was amply justified in sentencing Johns upon the premise that the acts of murder and robbery were divisible, rather than indivisible.” Id.
However, at no point in Johns did the Court consider why I.C. § 19-1902, providing for a trial by jury on all issues of fact, was inapplicable. In State v. McLeskey, 138 Idaho 691, 697, 69 P.3d 111, 117 (2003), the Court stated that I.C. § 19-2520E:
prohibits imposing more than one enhanced penalty where a person is convicted of two or more substantive crimes that arose out of the same indivisible course of conduct. It does not prohibit charging more than one enhanced penalty even if the crimes charged all arose out of the same indivisible course of conduct. If, in that circumstance, a defendant is convicted of more than one crime for which an enhanced penalty is charged, then at sentencing the court may only impose one enhanced penalty.
While this statement tends to support the majority’s view that the finding of an “indivisible course of conduct” is to occur at sentencing, it provides no rationale for reaching that conclusion.
The only explicit description of the nature of I.C. § 19-2520E comes in State v. Clements, 148 Idaho 82, 218 P.3d 1143 (2009), which describes it as providing a “statutory, fact-based defense.”[2] Nevertheless, both this Court and the Idaho Court of Appeals have felt free to review whether two enhancements were, in fact, the result of an indivisible course of conduct. E.g., Johns, 112 Idaho at 882, 736 P.2d at 1336;[3] State v. Custodio, 136 Idaho 197, 207-08, 30 P.3d 975, 985-86 (Ct.App.2001).
In my view, we are thus left.with unanswered questions regarding the nature of I.C. § 19-2520E and the constitutional and statutory requirements regarding the burdens of production and proof. While the majority believes that I.C. § 19-2520E is a mitigating circumstance and Justice Jones believes that it is an element of a second sentence enhancement, I read the statute as an affirmative defense. I would therefore hold that Mr. Peregrina bore the burden of raising that defense and, by failing to raise the defense before the trial court, waived it.
I. Is “divisibility” an element of the offense?
I begin with Justice Jones’ dissent, as the constitutional basis for his dissent is the first hurdle for any interpretation of the statute. Admittedly, the text of I.C. § 19-2520E does not explicitly state whether it is an element, a defense, or a mitigating circumstance. However, to the extent that it does indicate the Legislature’s intent, the statute’s text certainly leans against reading the statute as creating an element of some “second enhanced penalty” provision. The statute provides an exception from liability premised on the indivisibility of the course of conduct. That is, it is the lack of divisibility that precludes imposition of a second enhancement, rather than divisibility that permits imposition of the second enhancement. I therefore agree with the majority that I.C. § 19-2520E does not increase the potential penalty but, instead, reduces the penalty upon a showing that the substantive offenses *549 arose out of the same indivisible course of conduct.
“[T]he Due Process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.” In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). However, the same is not true of defenses.
Traditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society’s interest against those of the accused have been left to the legislative branch. We therefore will not disturb the balance struck in previous cases holding that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. Proof of the nonexistence of all affirmative defenses has never been constitutionally required; and we perceive no reason to fashion such a rule in this case and apply it to the statutory defense at issue here.
Patterson v. New York, 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281, 292 (1977). See also State v. Mubita, 145 Idaho 925, 942, 188 P.3d 867, 884 (2008) (requiring a defendant to bear the burden of proving an affirmative defense does not violate due process) (citing Martin v. Ohio, 480 U.S. 228, 235-36, 107 S.Ct. 1098, 1102-03, 94 L.Ed.2d 267, 275-76 (1987); Montana v. Egelhoff, 518 U.S. 37, 42, 56, 116 S.Ct. 2013, 2017, 2023-24, 135 L.Ed.2d 361, 376 (1996)).
While this Court has not discussed the distinction between elements of a crime and mitigating factors, it has discussed the distinction between elements and defenses:
the general rule is that the burden is upon the state in a criminal case to negative any exception or proviso appearing in that part of the statute which defines the crime if the exception is ‘so incorporated with the language describing and defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted * * *.’
State v. Segovia, 93 Idaho 208, 210, 457 P.2d 905, 907 (1969) (quoting 41 Am.Jur.2d Indictments and Informations § 98). In State v. Huggins, 105 Idaho 43, 665 P.2d 1053 (1983), the Court considered an appeal from a judgment of acquittal on a charge of assault to commit rape entered because the State had failed to present evidence of the lack of marital relationship between Huggins and the victim. This Court considered that the rape statute, I.C. § 18-6101, had been amended to eliminate reference to a marital relationship. It also considered a separate statute, I.C. § 18-6107, which provided that one could not be convicted of raping a spouse except in instances where divorce or legal separation proceedings had been initiated or the parties had lived apart for more than six months. The Court determined that the latter statute was an exception to the rape statute, and that the absence of a marital relationship was not an element of the crime of rape. Accordingly, the Court held that the defendant bore the burden of presenting and proving the existence of a marital relationship as an affirmative defense. Id. at 45, 665 P.2d at 1055. See also State v. Nab, 113 Idaho 168, 175, 742 P.2d 423, 430 (Ct.App.1987) (distinguishing between elements of an offense and exceptions to liability based upon whether they are found or referenced in the statute defining the offense).
Nothing about the text or structure of I.C. §§ 19-2520 and 19-2520E is distinguishable from the statutes considered in Huggins. Just as there is no indication that the Legislature intended the parties’ non-marital status to be an element of rape in Huggins, so too, there is no textual or structural suggestion that divisibility was intended to be an element of a second enhancement. Idaho Code § 19-2520 provides the requirements for a firearm sentence enhancement and makes no reference to I.C. § 19-2520E. I therefore concur with the majority that the divisibility of the course of conduct giving rise to the two underlying substantive offenses is not an element of a second firearm enhancement under I.C. § 19-2520E.
*550 II. Does I.C. § 19-2520E provide a defense or a mitigating circumstance?
However, even if I.C. § 19-2520E is not an element of some “second firearm enhancement” that still does not resolve the question of whether the statute provides a fact-based defense to a second enhancement or whether it is a mitigating circumstance for consideration by the trial judge at sentencing.[4] As noted above, I.C. § 19-2520E does not label itself a mitigating circumstance or a defense to be decided by the jury. Nor does it assign the duty of applying I.C. § 19-2520E to the judge or to the jury. As likewise noted above, our prior caselaw may reasonably be read to support both positions.
Superficially, the majority’s position, that I.C. § 19-2520E is a mitigating circumstance to be considered by the trial court, is somewhat attractive. Idaho Code § 19-2520 provides for an “extended term of imprisonment” rather than defining an altogether new offense. The fact giving rise to that extended term is, therefore, an aggravating circumstance. Logically, a factor that would reduce the punishment for one found guilty of using a firearm in one of the felonies specified in I.C. § 19-2520 may be considered to be a mitigating circumstance. Mitigating circumstances are usually considered by the trial judge as part of sentencing. State v. Moore, 93 Idaho 14, 17, 454 P.2d 51, 54 (1969) (describing the trial court’s role in weighing mitigating evidence). That I.C. § 19-1902 requires that all issues of fact be tried by a jury does not change this as I.C. § 19-1901 defines issues of fact as those concerning guilt or innocence to be decided at trial. Idaho Code § 19-2520E is solely concerned with sentencing. The mitigating factors included in I.C. § 19-2521, such as whether the defendant acted under strong provocation, also require a factual finding by the court in sentencing but they do not fall under the scope of issues delegated to the jury by I.C. § 19-1901.
However, despite this logic, I would nevertheless hold that I.C. § 19-2520E is a defense to be raised by the party asserting it. There are two main reasons for this position.
First, mitigating circumstances are generally factors to be weighed by the party making the sentencing determination as part of the discretionary determination of the sentence. E.g., State v. Cobler, 148 Idaho 769, 773, 229 P.3d 374, 378 (2010) (finding no abuse of discretion upon a weighing of mitigating and aggravating factors in sentencing); State v. Stover, 140 Idaho 927, 932, 104 P.3d 969, 974 (2005) (emphasizing the discretionary nature of weighing mitigating and aggravating factors). Even in death penalty cases where there is only a binary choice between life without parole and a sentence of death, the jury weighs the mitigating factors to determine whether those mitigating circumstances render the death penalty unjust. I.C. § 19 — 2515(3)(b). See also State v. Dunlap, 125 Idaho 530, 537, 873 P.2d 784, 791 (1993) (describing the weighing process). In contrast, I.C. § 19-2520E allows for no exercise of discretion. If two aggravated felonies are the result of a single, indivisible course of conduct, the defendant is subject to only one fifteen-year sentence enhancement. If those two aggravated felonies are divisible, the defendant is subject to both. There is simply no weighing or discretion involved. As a result, the assumption that I.C. § 19-2520E defines a mitigating circumstance simply because it concerns sentencing does not follow.
An affirmative defense is defined as a “defendant’s assertion of facts and arguments that, if true, will defeat the plaintiffs or prosecution’s claim, even if all the allegations in the complaint are true.” Black’s Law Dictionary 482 (9th ed. 2009). Under I.C. § 19-2520E, a defendant may defeat a count advancing a second sentencing enhancement upon a showing that the underlying offenses arose from an indivisible course of conduct.
Finding that I.C. § 19-2520E is an affirmative defense which must be presented to, and decided by, a jury is consistent with I.C. § 19-1902, which provides that “[ijssues of fact must be tried by jury.” This statute gives effect to the related guarantees of trial *551 by jury and resolution of factual questions by juries found in art. 1, § 7 and art. V, § 1 of the Idaho Constitution. A question of fact is triggered upon a plea of not guilty. I.C. § 19-1901(1). Mr. Peregrina was charged with two sentence enhancements; when he pled not guilty to the charges against him, the factual issues were at issue.
Second, even if I.C. § 19-2520E were viewed as a mitigating circumstance, that does not automatically mean that it would be a finding for the judge. Not all mitigating circumstances are weighed by the judge, for example in the weighing of mitigating and aggravating circumstances in determining a sentence of death. I.C. § 19-2515. The death penalty statute also indicates that, where the law sets forth both aggravating and mitigating circumstances, it generally charges the same decision-maker with assessing those circumstances. Idaho Code § 19-2515 commits the assessment of aggravating and mitigating circumstances to the jury, while I.C. § 19-2521 commits that assessment to the judge. Based upon that parallel structure within chapter 25, Title 19, I would hold that the Legislature intended that the jury find both the existence of the aggravating circumstance (the use of a firearm) and the mitigating circumstance (the indivisibility of the conduct).
Statutory construction ... is a holistic endeavor. A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory seheme-because the same terminology is used elsewhere in a context that makes its meaning clear, or because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law----
United Sav. Ass’n of Tex. v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 371, 108 S.Ct. 626, 630, 98 L.Ed.2d 740, 748 (1988). Given the parallel structure for other aggravating and mitigating circumstances within this chapter, I do not believe that the Legislature intended to abandon that structure in this instance without indicating to the courts tasked with applying the statutes that it was doing so.
Given this combination of factors: the absence of any statement by the Legislature in defining I.C. § 19-2520E or assigning the role of finding the relevant facts; the fact that the results of that finding are not discretionary; and the fact that in considering mitigating factors, Idaho statutes generally commit aggravating and mitigating factors to the same party, I would find that I.C. § 19-2520E is a defense which, when properly raised, is to be decided by the jury.
III. Because I.C. § 19-2520E is an affirmative defense, Peregrina waived that defense by failing to raise it before the trial court.
There is no dispute that Mr. Peregrina never requested a jury instruction on the question of whether his actions constituted an “indivisible course of conduct.” Nor was that part of his defense. “As to a defense, a defendant is generally required to put the defense in issue by some means himself, as, for example, by introducing evidence or by specially pleading.” Huggins, 105 Idaho at 45, 665 P.2d at 1055 (quoting Rogers v. State, 267 Ind. 654, 373 N.E.2d 125, 127 (1978)). Having failed to do that, Mr. Peregrina waived his defense that his two enhanced convictions were part of an indivisible course of conduct.
Because I would hold that Mr. Peregrina waived the defense provided by I.C. § 19-2025E, I would affirm the trial court’s decision. I therefore respectfully dissent from the majority’s direction that this matter be remanded to the district court for further proceedings.

. Despite Justice Jones’ concurrence in that case, he now describes that statement as dictum. While that statement may qualify as dictum, it is, as I argue below, the best description of the nature of I.C. § 19-2520E.

. The opinion in Johns is unclear as to the standard of review that the Court was applying. The Court’s language that the "trial court was amply justified in sentencing Johns upon the premise that the acts of murder and robbery were divisible, rather than indivisible,” Johns, 112 Idaho at 882, 736 P.2d at 1336, can be read as an application of the substantial, competent evidence standard typically applied to questions of fact. However, the Court’s statement that the question of divisibility "is a factual question which requires us to review the record” and the lengthy discussion of the underlying facts may also be interpreted as de novo review.

. There is a third possibility, that I.C. § 19-2520E is a mitigating circumstance, albeit one to be found by the jury. As this reading is indistinguishable in practical terms from viewing it as a defense, I do not discuss that possibility separately-