**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 40770**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 748 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 1, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BARCLAY D. BENNETT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment of conviction for felony possession of a controlled substance, possession of drug paraphernalia, and persistent violator, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Jeffrey E. Brownson, Boise, for appellant. Jeffrey E. Brownson argued.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent. Nicole L. Schafer argued.

_____

GRATTON, Judge

Barclay D. Bennett appeals from his judgment of conviction for felony possession of a controlled substance, Idaho Code § 37-2732(c)(1), and misdemeanor possession of drug paraphernalia, I.C. § 37-2734A. He argues the district court erred in denying his motions for a judgment of acquittal and for a new trial.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Police officers arrived at the home of a friend of Bennett's for the purpose of arresting Bennett on several outstanding felony warrants. Police entered the residence and went upstairs to the room Bennett was staying in, which was the bedroom of the eleven-year-old daughter of his friend. When they entered the room, both Bennett and another female occupant were standing with their backs to the officers; Bennett was facing an open dresser with his hands in front of him and the woman was on the other side of the bed. Bennett was placed in handcuffs

1

and one of the officers looked inside the open dresser drawer to see if a weapon had been placed inside. He noticed on top of the dresser there were several men's toiletries and a small plastic container of methamphetamine. Bennett was subsequently charged with possession of methamphetamine, possession of paraphernalia, and a felony enhancement for being a persistent violator.

At the close of the jury trial, Bennett made a motion to dismiss, which was denied. The jury returned a guilty verdict for both possession of methamphetamine and possession of drug paraphernalia. Bennett subsequently entered a conditional plea of guilty to being a persistent violator. Bennett then filed a motion for a judgment of acquittal based on his claim of insufficiency of the evidence to prove he possessed the methamphetamine, and a motion for a new trial asserting the jury was not properly instructed regarding the law of constructive possession. Both motions were denied by the district court.

The court imposed a unified term of nine years with three years determinate for possession of methamphetamine, and thirty days for possession of paraphernalia. Bennett filed an Idaho Criminal Rule 35 motion to reconsider his sentence and the court reduced the determinate portion to two years. Bennett timely appeals.

## II.

## ANALYSIS

Bennett claims there was insufficient evidence to support a conviction of possession of methamphetamine and drug paraphernalia, and that the trial court erred when it declined to give at least one of his three requested jury instructions.

### A.    Sufficiency of Evidence

Bennett claims the State did not present sufficient evidence from which a reasonable trier of fact could conclude that he had constructive possession of the methamphetamine found on the dresser, and therefore erred in denying his motion for a judgment of acquittal. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the

2

witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Absent actual possession of the controlled substance, the State must establish constructive possession by showing the defendant knew of the substance and had the power and intention to control it. *State v. Blake*, 133 Idaho 237, 242, 985 P.2d 117, 122 (1999); *State v. Betancourt*, 151 Idaho 635, 638, 262 P.3d 278, 281 (Ct. App. 2011). Constructive possession exists where there is a sufficient nexus between the defendant and the controlled substance to show the defendant had the power and the intent to exercise dominion or control over the substance. *State v. Garza*, 112 Idaho 778, 784, 735 P.2d 1089, 1095 (Ct. App. 1987). Constructive possession may be "joint or exclusive." *Blake*, 133 Idaho at 242, 985 P.2d at 122. A jury may infer knowledge of the substance where a defendant is in control of the premises, but additional circumstances showing knowledge are necessary when the control is not exclusive. *Id.*

Bennett argues this case is similar to *State v. Maland*, 124 Idaho 537, 861 P.2d 107 (Ct. App. 1993), which involved an underage man being charged with possession of alcohol after beer was found next to him in the back seat of a car with two other individuals in the front seats. This Court held that proximity to the beer alone was not enough, and the State had not presented sufficient evidence that he had control over the beer so as to establish constructive possession. *Id.* at 542, 861 P.2d at 112. He also cites *State v. Vinton*, 110 Idaho 832, 718 P.2d 1270 (Ct. App. 1986), in which this Court vacated the convictions of manufacturing marijuana by a husband and wife because the State did not present sufficient evidence that either one had individually exercised control over the marijuana. *Id.* at 834, 718 P.2d at 1272.

The State presented evidence that Bennett was staying at his friend's residence, in the young daughter's bedroom where the methamphetamine was found, and that he had personal belongings in the room. While a believed methamphetamine user had stayed in the daughter's room two months prior, Bennett's friend and tenant of the residence testified that he had regular access to his daughter's room, that his daughter was not involved in drugs, and that he had never seen the plastic container found by the police. Additionally, several items were found by the

3

police on top of the dresser that Bennett was facing when they entered the room. These included several men's toiletries, including deodorant, shaving cream, etc. Police testified these items were no more than one foot away from the plastic container of methamphetamine on top of the dresser in the bedroom. Further, when police entered the room, Bennett was standing twelve to eighteen inches away from the items on the dresser.

Bennett concedes there was a reasonable inference that he knew of the contraband since it was in plain view. However, Bennett argues the woman's presence in the bedroom removes the inference that the methamphetamine was his. He asserts the State was required to present sufficient evidence supporting the inference that he individually exercised control over the contraband. Though a woman was also in the room,[1] Bennett was facing the dresser with his back to the officers and was twelve to eighteen inches away from the contraband, while the woman was on the opposite side of the bed. Further, the contraband was found among men's toiletry items, when the room was a young girl's bedroom. As noted in *Blake*, more than one individual can possess an item, and even if the woman had ownership, it would not preclude the jury from finding Bennett also had possession.

In the light most favorable to the State, the jury reasonably could conclude that Bennett both knew of the presence of methamphetamine and had the intent to exercise dominion or control over it. The record demonstrates that there was sufficient evidence from which a reasonable trier of fact could conclude that he had constructive possession of the methamphetamine.

## B.    Jury Instructions

Bennett challenges the denial of three of his proposed jury instructions and his motion for a new trial on that basis. The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

---

[1]    The woman in the room with Bennett was a guest of his and Bennett had been given permission to stay in the room.

Bennett's proposed jury instructions all relate to constructive possession. Bennett argues that the second of the three related instructions he submitted should have been used,[2] which stated:

> When several people occupy the same place where contraband has been found, mere proximity to the contraband, even coupled with a defendant's knowledge of the contraband, is not sufficient in itself to show control.

Bennett notes that this is nearly verbatim to the instruction used in *Maland*, 124 Idaho at 542, 861 P.2d at 112. He asserts the instructions used by the court do not address: (1) that mere proximity cannot establish constructive possession; (2) proximity alone is not sufficient to sustain a conviction when more than one person occupies or has access to the methamphetamine; or (3) that Bennett was not observed directly in possession of the methamphetamine or paraphernalia nor has he admitted to possession either.

The trial court denied Bennett's proposed instruction, instead relying on the definition of possession from the Idaho Criminal Jury Instructions:

> A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it. More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

The instruction recites verbatim I.C.J.I. 421. The I.C.J.I. are presumed correct and trial courts should closely follow the pattern instructions to avoid unnecessary appeals. *McKay v. State*, 148 Idaho 567, 571 n.2, 225 P.3d 700, 704 n.2 (2010); *State v. Hopper*, 142 Idaho 512, 514, 129 P.3d 1261, 1263 (Ct. App. 2005).

Bennett cites *State v. Seitter*, 127 Idaho 356, 900 P.2d 1367 (1995), for the proposition that while it is recommended trial courts use I.C.J.I. 421, the court was not prohibited from further clarification or instruction of the law. *Seitter*, 127 Idaho at 360, 900 P.2d at 1371. While *Seitter* does not prohibit the trial court from further clarifying the law on constructive possession,

---

[2]    The first proposed instruction reads: "You may not infer a finding of possession from the mere fact that a defendant occupied, with another or others, the home in which illegal drugs are found. The evidence must establish that the charged defendant, individually, knew of the illegal drugs and that he exercised control over them. Guilt by association is not sufficient."
      The third proposed instruction reads: "You may not infer a finding of possession from the mere fact that a defendant was visiting the home in which illegal drugs were found. The evidence must establish that the charged defendant, individually, knew of the illegal drugs and that he exercised control over it. Guilt by association is not sufficient."

it also does not require it to do so. The trial court properly relied on the I.C.J.I. definition of possession because I.C.J.I. 421 provides the requirements necessary to convict a defendant of a possession charge. Under those requirements, the jury must find that the defendant had knowledge of the presence of the substance and power and intention to control it. Therefore, a jury cannot find a defendant guilty based on mere proximity alone. Additionally, as set forth above, the evidence demonstrated that Bennett's proximity to the contraband was not the only evidence that connected him to it. The definition of possession in I.C.J.I. 421 adequately covers the law of constructive possession and an instruction on "mere proximity" was unnecessary.

### III.

### CONCLUSION

The State presented sufficient evidence to convict Bennett of possession of methamphetamine and paraphernalia, and the district court did not err in refusing to give Bennett's proposed jury instructions. Thus, the district court did not err in denying Bennett's motions for a judgment of acquittal and for a new trial. Bennett's judgment of conviction is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**