The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Michael E. **REED**, Defendant–Appellant.

No. 95CA2033.

Colorado Court of Appeals, Div. II.

Nov. 29, 1996.

Rehearing Denied Jan. 16, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Amy W. Naes, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

Vincent C. Todd, Lakewood, for Defendant–Appellant.

Opinion by Judge PLANK.

Defendant, Michael Edward Reed, appeals the judgment of conviction entered on a jury verdict finding him guilty of one count of unlawful possession with intent to distribute marihuana, pursuant to § 18–18–406(8)(b), C.R.S. (1996 Cum.Supp.), and one count of possession of eight or more ounces of marihuana, pursuant to § 18–18–406(4)(b), C.R.S. (1996 Cum.Supp.). We affirm.

## I.

Defendant contends that the trial court erred in finding that Colo. Sess. Laws 1992, ch.71, § 18–18–406(10) at 361, was not an element of the offense that must be established by the prosecution. We disagree.

Section 18–18–406(10), as in effect at all relevant times to this appeal, provides the following:

> The provisions of this section shall not apply to any person who possesses, uses, prescribes, dispenses, or administers marihuana concentrate pursuant to the 'Dangerous Drugs Therapeutic Research Act', part 9 of article 5 of title 25, C.R.S., or who possess, uses, prescribes, dispenses, or administers any drug classified under group C guidelines of the national cancer institute, as amended, approved by the federal food and drug administration.

At the close of the prosecution's case-in-chief, defendant moved for a judgment of acquittal. The basis of defendant's motion was that the prosecution had not presented any evidence tending to show that he was not in lawful possession of marihuana pursuant to § 18–18–406(10). It is undisputed that defendant did not raise § 18–18–406(10) as a defense, nor was any evidence presented at trial that tends to support the application of § 18–18–406(10). The trial court denied the motion, concluding that § 18–18–406(10) was an affirmative defense, and not an element of the offense.

"Legislative intent is the polestar of statutory construction." *Schubert v. People,* 698 P.2d 788 (Colo.1985). We presume that the General Assembly intends a just and reasonable result that favors the public interest over any private interest, and we will not construe a statute either to defeat the legislative intent or to lead to an absurd or illogical result. *Higgins v. People,* 868 P.2d 371 (Colo.1994). If a statute's language is clear and the intent may be understood with rea-

sonable certainty, it is not necessary to resort to other rules of statutory construction. *Robles v. People,* 811 P.2d 804 (Colo.1991).

If a criminal statute is ambiguous, the rule of lenity requires the statute to be strictly construed in favor of the accused. *People v. Terry,* 791 P.2d 374 (Colo.1990). However, the rule of lenity is "intended only to resolve an unyielding ambiguity in statutory language and should not be employed to create a statutory ambiguity in complete disregard of the clear purpose of the legislative enactment." *Schubert v. People, supra* (fn. 12).

■ An affirmative defense is a defense that admits the doing of the act charged but seeks to justify, excuse, or mitigate it. *People v. Huckleberry,* 768 P.2d 1235 (Colo. 1989).

■ If the prosecution or the defendant presents any credible evidence that an affirmative defense might apply, the prosecution has the burden of proving the non-existence of that affirmative defense beyond a reasonable doubt. Section 18–1–407, C.R.S. (1986 Repl.Vol. 8B). Thus, an affirmative defense is distinguished from an element of the offense because it must be disproved by the prosecution only if the evidence gives rise to an issue with respect to its existence.

■ Section 18–18–406(10), as in effect at the relevant times here, is not ambiguous, and, in our view, the General Assembly intended it to be an affirmative defense. Like affirmative defenses in general, § 18–18–406(10) provides a legal justification to what would otherwise be criminally culpable behavior.

Defendant asserts that *COLJI–Crim.* No. 11:08 (1983), the pattern criminal jury instruction for false imprisonment pursuant to § 18–3–303, C.R.S. (1986 Repl.Vol. 8B), provides that an element of the prosecution's case is proof that the defendant is not a peace officer acting in good faith. However, the statutory language and structure for the offense of false imprisonment is different than for marihuana possession. Section 18–3–303 has no subsections. It provides that: "[A]ny person who knowingly confines or detains another without the other's consent and without proper legal authority commits

false imprisonment. . . . This section shall not apply to a peace officer acting in good faith within the scope of his duties." Thus, the fact that the section does not apply to peace officers in specified circumstances is included in the definition of the offense.

Section 18–18–406(10), on the other hand, is a distinct subsection that does not include any definition of criminally culpable conduct. The definitions of the multiple offenses related to marihuana possession defined in the statute are set forth separately in other subsections.

■ When an exception is included in a statutory section defining the elements of the offense, it is generally the burden of the prosecution to prove that the exception does not apply. However, when an exception is found in a separate clause or is clearly disconnected from the definition of the offense, it is the defendant's burden to claim it as an affirmative defense. *See Wharton's Criminal Procedure* § 268 (13th ed.1989); *Wharton's Criminal Evidence* § 20 (13th ed.1972). This rule of construction is widely recognized in other jurisdictions, and we find it applicable here. *See State v. Vasquez–Rubio,* 134 Or.App. 646, 897 P.2d 324 (1995); *State v. Litterell,* 800 S.W.2d 7 (Mo.App.1990); *State v. Clarke,* 302 S.C. 423, 396 S.E.2d 827 (1990); *State v. Robarge,* 450 So.2d 855 (Fla. 1984); *Jacobs v. United States,* 436 A.2d 1286 (D.C.App.1981); *State v. Segovia,* 93 Idaho 208, 457 P.2d 905 (1969).

We therefore hold that the statutory structure of § 18–18–406, C.R.S. (1996 Cum. Supp.) as a whole supports our interpretation that § 18–18–406(10) is not an element of the offenses defined elsewhere in the statute.

We are also not persuaded by defendant's argument that when the General Assembly revised the criminal code in 1973, it expressly identified all affirmative defenses and that, therefore, the absence of the phrase "affirmative defense" in § 18–18–406(10) makes it an element of each of the multiple offenses defined in the statute.

First, § 18–18–101, et seq., C.R.S. (1996 Cum.Supp.) is the Colorado codification, with some modifications, of the Uniform Con-

trolled Substances Act and was adopted in 1981, after the 1973 revisions to the criminal code. *See* Colo. Sess. Laws 1981, ch. 128, § 18–18–401, et seq., at 729; Uniform Controlled Substances Act, 9 *Uniform Laws Annot.* § 1,5 (Master Edition 1988). The phrase "affirmative defense" does not appear anywhere in article 18, nor does it appear in the text of the Uniform Controlled Substances Act, upon which article 18 is founded.

Second, we are not aware of any legal authority to support the contention that without the express use of the term "affirmative defense," § 18–18–406(10) must be an element of any crime defined in the statute. Such a requirement would frustrate the clear intent of the General Assembly.

Hence, we conclude that the trial court correctly determined that § 18–18–406(10) was not an element of the prosecution's case and properly denied defendant's motion for acquittal.

## II.

 Defendant also argues that, if § 18–18–406(10) is an affirmative defense, it violates due process because it does not provide fair warning. We disagree.

Constitutional due process requires that penal statutes be sufficiently definite to give fair warning of proscribed or required conduct so that persons may guide their actions accordingly, and must define an offense with sufficient clarity to prevent arbitrary and discriminatory enforcement. *People v. Janousek*, 871 P.2d 1189 (Colo.1994). The due process guarantee of fair warning, however, applies only to conduct giving rise to criminal liability or punishment. *People v. Grenemyer*, 827 P.2d 603 (Colo.App.1992).

Section 18–18–406(10) does not describe criminally culpable conduct. Rather, it describes legal conduct that excuses an otherwise criminal act. Thus, we hold that there is no due process violation of fair warning in this case.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

## III.

In light of the foregoing, we also reject defendant's contention that the trial court erred in rejecting his tendered jury instruction which included § 18–18–406(10) as an element of the prosecution's case.

Judgment affirmed.

CRISWELL, J., and QUINN *, Justice, concur.

and § 24–51–1105, C.R.S. (1996 Cum.Supp.).