**The PEOPLE of the State of Colorado, Petitioner–Appellant,**

**In the Interest of**

**L.M., a Juvenile–Child,**

**and Concerning**

**K.G., Respondent–Appellee.**

**No. 00CA0337.**

Colorado Court of Appeals, Div. I.

Nov. 24, 2000.

Robert S. Grant, Adams County District Attorney, Michael J. Milne, Assistant District Attorney, Brighton, CO, for Petitioner–Appellant.

No Appearance for Respondent–Appellee.

Opinion by Judge METZGER.

The People appeal the trial court's judgment of dismissal of a delinquency petition filed against L.M., a juvenile. We disapprove of the trial court's ruling.

A delinquency petition was filed alleging that the juvenile had violated § 18–12–108.5, C.R.S.2000, by knowingly possessing a handgun.

That section provides, in relevant part, that, with certain exceptions, it is illegal for anyone under the age of 18 to possess a handgun, and provides that a first offense is a class 2 misdemeanor.

Section 18–12–108.5(2), C.R.S.2000, provides exceptions to such illegal possession, one of which states that the illegal possession section does not apply to:

(b) Any person under the age of eighteen years who is on real property under the control of such person's parent, legal guardian, or grandparent and who has the permission of such person's parent or legal guardian to possess a handgun;

At the hearing on the petition, the evidence established that the juvenile had briefly possessed a handgun within his home. Although there was no evidence introduced suggesting the juvenile had parental permission to possess a handgun, the trial court

ruled that the prosecution had failed to disprove that possibility as required by § 18–12–108.5(2)(b), C.R.S.2000. On that basis, the trial court granted the juvenile's motion for judgment of acquittal and dismissed the petition. Pursuant to C.A.R. 4(b)(2), this appeal followed.

In *People v. Reed,* 932 P.2d 842, 844 (Colo. App.1996), a division of this court explained:

> An affirmative defense is a defense that admits the doing of the act charged but seeks to justify, excuse, or mitigate it....

> If the prosecution or the defendant presents any credible evidence that an affirmative defense might apply, the prosecution has the burden of proving the non-existence of that affirmative defense beyond a reasonable doubt. Section 18–1–407, C.R.S. [2000]. Thus, an affirmative defense is distinguished from an element of the offense because it must be disproved by the prosecution only if the evidence gives rise to an issue with respect to its existence.

. . . .

> When an exception is included in a statutory section defining the elements of the offense, it is generally the burden of the prosecution to prove that the exception does not apply. However, when an exception is found in a separate clause or is clearly disconnected from the definition of the offense, it is the defendant's burden to claim it as an affirmative defense....

Applying this analysis here, we conclude that the parental permission language in § 18–12–108.5(2)(b) is an affirmative defense to the offense of unlawful possession of a handgun by a juvenile. The exception appears in a separate subsection from the definition of the offense, and its language indicates that it was intended to establish an affirmative defense.

Accordingly, because there was no evidence presented indicating that the affirmative defense of parental permission might apply, the trial court erred by granting the juvenile's motion for judgment of acquittal on the basis that the prosecution had failed to prove the absence of parental permission.

The ruling is disapproved.

Judge PLANK and Judge ROTHENBERG concur.