The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Richard Lee RIEGER, Defendant–
Appellant.

No. 03CA1900.

Colorado Court of Appeals,
Div. III.

Nov. 3, 2005.

As Modified on Denial of Rehearing
Dec. 29, 2005.

John W. Suthers, Attorney General, Wendy J. Ritz, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Karen N. Taylor, Deputy State Public Defender, Jami L. Vigil, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

TAUBMAN, J.

In this criminal case involving an escape from a community corrections center, defendant, Richard Lee Rieger, appeals the trial court's judgment finding that he was a habitual criminal and his sentence. We reverse that aspect of the judgment, vacate the sentence, and remand for further sentencing proceedings.

In October 2002, Rieger was serving time in a community corrections facility for possession of a controlled substance and aggravated motor vehicle theft. He received permission from the facility to leave temporarily on a pass, and when he failed to return, he was charged with escape.

At Rieger's plea hearing on the escape charge in April 2003, the prosecution notified him and the trial court for the first time, while Rieger was pleading guilty, that it intended to amend the information to include two habitual criminal counts. Rieger objected to the prosecution's notice as untimely.

Before it accepted Rieger's guilty plea, the trial court informed him that it would allow the prosecution to show good cause as to why it should be permitted to file the habitual criminal counts in an amended information. The court further informed Rieger that if the habitual counts were added, his sentence could be increased. Rieger pled guilty to the original escape charge, without any sentencing concessions, and the court gave the prosecution thirty days to file an amended information.

On the thirtieth day, the prosecution filed an amended information to add two habitual criminal counts based on Rieger's alleged prior convictions for possession of a controlled substance and aggravated motor vehicle theft.

Two months later, over Rieger's objections, the trial court ruled that the habitual criminal charges could be added. The court determined that Rieger had been properly notified of this possibility before he pled guilty to escape and that there was no bad faith by the prosecution in filing the added counts.

The trial court subsequently found Rieger to be a habitual criminal and sentenced him to thirty-six years in prison, to run concurrently with his twenty-year sentence for an unrelated attempted first degree murder conviction and consecutively to his sentences for possession of a controlled substance and aggravated motor vehicle theft, which he was serving at the time of the escape. This appeal followed.

Rieger contends that the trial court misinterpreted § 18–1.3–803(6), C.R.S.2005, when it allowed the prosecution to file habitual criminal counts against him after he had pled guilty to escape. We agree.

■ The habitual criminal statute is in derogation of the common law and must therefore be strictly construed. *De Gesualdo v. People*, 147 Colo. 426, 364 P.2d 374 (1961); *Smalley v. People*, 116 Colo. 598, 183 P.2d 558 (1947). In the absence of conviction for a substantive offense, increased punishment under the habitual criminal statute cannot be imposed. Section 18–1.3–803, C.R.S. 2005; *People v. Wade*, 708 P.2d 1366 (Colo. 1985).

■ A prosecutor may not file habitual criminal counts after a defendant is sentenced. Section 18–1.3–803(6); *Smalley v. People*, 96 Colo. 361, 43 P.2d 385 (1935). However, our courts have not addressed whether a prosecutor may file habitual criminal counts after a defendant pleads guilty to a substantive offense, but before the defendant is sentenced. Accordingly, we turn to § 18–1.3–803(6), applicable here.

Statutory interpretation is a question of law that is reviewed de novo. *People v. Garcia*, 113 P.3d 775 (Colo.2005). Reviewing courts must give effect to the General Assembly's intent when they construe statutes, looking first to the statute's plain language. *Vigil v. Franklin*, 103 P.3d 322 (Colo.2004).

If a statute is clear and unambiguous on its face, a reviewing court need not look beyond the statute's plain language. *Vigil v. Franklin, supra.*

Section 18–1.3–803(6) states in relevant part:

> If the prosecuting attorney *does not have any information* indicating that the defendant has been previously convicted of a felony *prior to the time a verdict of guilty is rendered* on a felony charge and if thereafter the prosecuting attorney learns of the felony conviction prior to the time that sentence is pronounced by the court, he or she may *file* a new information in which it shall be alleged in separate counts that the defendant has been convicted of the particular offense upon which judgment has not been entered and that prior thereto at a specified date and place the defendant has been convicted of a felony warranting application of increased penalties authorized in this section . . . .

(Emphasis added.)

A guilty plea is equivalent to a jury verdict of guilty. *People v. McNeely*, 68 P.3d 540 (Colo.App.2002).

Here, the prosecution used Rieger's prior convictions as leverage during plea negotiations. Therefore, it is undisputed that the prosecution knew of Rieger's prior convictions before he pled guilty to escape. However, it is also undisputed that the prosecution did not file the amended information charging Rieger with two habitual criminal counts until thirty days after the trial court accepted his guilty plea.

Accordingly, we conclude that the trial court misinterpreted the plain language of § 18–1.3–803(6) when it allowed the prosecutor to file two habitual criminal counts against Rieger after he had pled guilty, despite the prosecutor's prior knowledge of the convictions. Contrary to the trial court's ruling, the statute does not allow a prosecutor, for good cause or otherwise, to add known habitual criminal counts after a guilty plea has been accepted.

The prosecution nevertheless contends that the habitual criminal statute permits the late filing of habitual criminal counts under

certain circumstances and cites *Smith v. People*, 872 P.2d 685 (Colo.1994), and *People v. Williams*, 916 P.2d 624 (Colo.App.1996), for this proposition. However, these cases are distinguishable.

In *Smith*, the supreme court held that the jury, which had been empaneled to try the substantive offense, was required to determine the propriety of the habitual criminal counts. The court noted that under the statutory predecessor to § 18–1.3–803(6), a new jury could be empaneled to resolve habitual criminal counts only if the prosecutor learned of the underlying convictions after a verdict of guilty was entered and filed an amended information before sentencing. Because the defendant had already been sentenced for the substantive offense, the court determined that the exception under the predecessor to § 18–1.3–803(6) was not applicable.

In *People v. Williams*, a division of this court held that, on retrial, a prosecutor could add habitual criminal counts not available before the original guilty verdict. However, *Williams* did not address whether the prosecutor could add habitual criminal counts after a guilty plea had been entered.

Because of our disposition, we do not address defendant's arguments challenging the sufficiency of the evidence to support the trial court's conclusion that he was a habitual criminal.

The trial court's judgment finding that Rieger is a habitual criminal is reversed, the sentence is vacated, and the case is remanded for sentencing on the escape.

CASEBOLT and HAWTHORNE, JJ., concur.