COLORADO COURT OF APPEALS                                        **2017COA62**

Court of Appeals No. 14CA1174
Pueblo County District Court No. 13CR1208
Honorable Larry C. Schwartz, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Valerie Valentina Gonzales,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE GRAHAM
Taubman and Navarro, JJ., concur

Announced May 18, 2017

Cynthia H. Coffman, Attorney General, Patrick A. Withers, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellant

Douglas K. Wilson, Colorado State Public Defender, Anne T. Amicarella, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Valerie Valentina Gonzales, appeals the judgment of conviction entered on jury verdicts finding her guilty of unlawful possession of a schedule II controlled substance (oxycodone) and unlawful possession of a schedule III controlled substance (hydrocodone).  We conclude that in this instance the provision in section 18-18-413, C.R.S. 2016, allowing for authorized possession of a controlled substance by "a person acting at the direction of the legal owner of the controlled substance" is not an affirmative defense to a charge of unlawful possession of a controlled substance under section 18-18-403.5, C.R.S. 2016.  We also reject defendant's remaining contentions.  Consequently, we affirm.

¶ 2    Defendant was charged with simple possession after the police found Percocet and Vicodin in her purse for which she did not have a prescription.  At trial, defendant's neighbor testified that she had prescriptions for both medications and that she had asked defendant to hold her prescriptions while they were out that evening because her purse was too small and she did not wish to leave the medications at home.  A jury convicted defendant of possession and the trial court sentenced her to probation.

1

## I.    Instructions

¶ 3    Defendant contends that she could lawfully possess the medications if she was "acting at the direction of the legal owner of the controlled substance." § 18-18-413.  She therefore argues that the trial court should have given the jury an affirmative defense instruction.  Defendant further contends the trial court plainly erred by not giving an affirmative defense instruction based on the prescription exception in section 18-18-302(3)(c), C.R.S. 2016, that allows lawful possession by "[a]n ultimate user or a person in possession" of the medication "pursuant to a lawful order of a practitioner."  We conclude that under the circumstances here, section 18-18-413 is not an affirmative defense to unlawful possession and that the trial court did not plainly err by failing sua sponte to give either instruction.

### A.    Standard of Review

¶ 4    "We review de novo the question of whether a jury instruction accurately informed the jury of the governing law." *People v. Carbajal,* 2014 CO 60, ¶ 10.  "We review a trial court's decision to give or not to give a particular instruction for an abuse of discretion." *People in Interest of J.G.,* 2016 CO 39, ¶ 33.

2

¶ 5    Statutory construction is a question of law that we review de novo. *Marsh v. People*, 2017 CO 10M, ¶ 19.

¶ 6    "Appellate courts review errors that were not preserved by objection under a plain error standard." *People v. Davis*, 2015 CO 36M, ¶ 32. Plain error is "obvious and substantial," *Hagos v. People*, 2012 CO 63, ¶ 14, and must have "so undermined the fundamental fairness of the [proceeding] . . . as to cast serious doubt on the reliability of the judgment" to merit reversal, *People v. Miller*, 113 P.3d 743, 750 (Colo. 2005) (citation omitted).

¶ 7    We apply the plain error standard here because defense counsel did not request the court to treat section 18-18-413 as an affirmative defense or request any instruction based on section 18-18-302(3)(c).

## B.    Additional Facts

¶ 8    At the close of the first day of trial, defense counsel tendered an instruction stating as follows: "A person is authorized to possess a controlled substance if it has been prescribed to them or if they are acting at the direction of the person to whom it has been prescribed." As authority for the instruction, counsel cited sections 18-18-413 and 18-18-401, C.R.S. 2016.

¶ 9    The prosecutor objected to the instruction, and the court

agreed to give the instruction over the objection in a modified form

that more closely tracked the language of section 18-18-413.

Significant to our review, defense counsel never requested that the

instruction be tied to the elements of the charged offenses or

suggested to the court that it was an affirmative defense.[1]  The trial

court gave the jury the following instruction:

> A person to whom or for whose use any
> controlled substance has been prescribed or
> dispensed by a practitioner may lawfully
> possess it, but only in the container in which it
> was delivered to him unless he is able to show
> that he is the legal owner or a person acting at
> the direction of the legal owner of the
> controlled substance.

¶ 10    Nor did defense counsel request an affirmative defense

instruction based on section 18-18-302(3)(c).  *See People v. Whaley*,

159 P.3d 757, 760 (Colo. App. 2006) ("Because the prescription

exception . . . is located in a different part of article 18, *see*

§ 18-18-302(3)(c), we conclude this exception is in reality an

---

[1] The court asked defense counsel whether she wished to have the instruction in the form ultimately given or whether defendant was asking for an instruction on a lesser nonincluded offense.  Counsel elected to have the jury given the instruction as modified by the court.

affirmative defense, notwithstanding the fact that the General Assembly did not label it as such.").

## C. Law and Analysis

¶ 11    "It is the duty of the trial court to 'correctly instruct the jury on all matters of law for which there is sufficient evidence to support giving instructions.'"  Carbajal, ¶ 10 (quoting Cassels v. People, 92 P.3d 951, 955 (Colo. 2004)).

> When an exception is included in a statutory section defining the elements of the offense, it is generally the burden of the prosecution to prove that the exception does not apply. However, when an exception is found in a separate clause or is clearly disconnected from the definition of the offense, it is the defendant's burden to claim it as an affirmative defense.

*People v. Reed*, 932 P.2d 842, 844 (Colo. App. 1996); *accord Whaley*, 159 P.3d at 759; *see* § 18-1-407(1), C.R.S. 2016 ("'Affirmative defense' means that unless the state's evidence raises the issue involving the alleged defense, the defendant, to raise the issue, shall present some credible evidence on that issue.").

¶ 12    The primary goal in statutory interpretation is to ascertain and effectuate the General Assembly's intent, and we begin this task by examining the plain meaning of the statutory language.  *Marsh,*

¶ 20.  "We read statutes 'as a whole in order to accord consistent, harmonious, and sensible effects to all their parts.'" *People v. Adams*, 2016 CO 74, ¶ 12 (quoting *A.S. v. People*, 2013 CO 63, ¶ 10).

### 1.    Section 18-18-413

¶ 13    Section 18-18-413 is located within the "offenses and penalties" of the Uniform Controlled Substances Act of 2013. §§ 18-18-101 to -606, C.R.S. 2016.  Section 413 is titled "[a]uthorized possession of controlled substances" and states:

> A person to whom or for whose use any controlled substance has been prescribed or dispensed by a practitioner may lawfully possess it, but only in the container in which it was delivered to him unless he is able to show that he is the legal owner or a person acting at the direction of the legal owner of the controlled substance.  Any person convicted of violating this section commits a drug petty offense, and the court shall impose a fine of not more than one hundred dollars.

¶ 14    Defendant was charged with violating section 18-18-403.5, which states in pertinent part that "[e]xcept as authorized by part 1 or 3 of article 42.5 of title 12, C.R.S., part 2 of article 80 of title 27, C.R.S., section 18-1-711, section 18-18-428(1)(b), or part 2 or 3 of

6

this article, it is unlawful for a person knowingly to possess a controlled substance." § 18-18-403.5(1).

¶ 15 Defendant asks us to consider section 18-18-413 as an affirmative defense to section 18-18-403.5. Under the circumstances presented here, we are unpersuaded that section 18-18-413 is an affirmative defense to section 18-18-403.5. Rather, section 18-18-413 is itself a separate offense, and the exception for "a person acting at the direction of the legal owner of the controlled substance" is an element the prosecution must disprove when charging someone with a violation of that section. *See Reed*, 932 P.2d at 844 ("When an exception is included in a statutory section defining the elements of the offense, it is generally the burden of the prosecution to prove that the exception does not apply.").

¶ 16 Defendant relies on *Whaley*, 159 P.3d at 759, for her argument that section 18-18-413 is an affirmative defense available to her. In *Whaley*, the defendant was charged with possession under section 18-18-405(1)(a), C.R.S. 2006.[2] A division of this

___

[2] After *People v. Whaley*, 159 P.3d 757 (Colo. App. 2006), was decided the General Assembly removed simple possession from section 18-18-405 and recodified it as section 18-18-403.5. *See*

7

court concluded that the "prescription exception" codified in section 18-18-302(3)(c) was an affirmative defense to possession under section 18-18-405(1)(a), C.R.S. 2006. 159 P.3d at 760. Under section 18-18-302(3)(c), a "person may 'lawfully possess controlled substances under this article' if he or she is 'in possession of any controlled substance pursuant to a lawful order of a practitioner.'" *Id.* at 759 (quoting § 18-18-302(3)(c), C.R.S. 2006). Because section 18-18-405, C.R.S. 2006, contained exceptions to a violation of the statute, *id.* at 758 ("Except as authorized by part 3 of article 22 of title 12, C.R.S., or by part 2 or 3 of this article . . . ."), and section 18-18-302(3)(c) was within "part . . . 3 of this article," the division concluded that section 18-18-302(3)(c) was an affirmative defense, *id.* at 760. The division reasoned that because the defendant requested, and the trial court refused, to instruct the jury that it was the prosecution's burden to disprove beyond a reasonable doubt evidence that the defendant attempted to gain "possession of

---

Ch. 259, sec. 3, § 18-18-405, 2010 Colo. Sess. Laws 1164; Ch. 259, sec. 4, § 18-18-403.5, 2010 Colo. Sess. Laws 1165; *People v. Davis*, 2015 CO 36M, ¶ 35 n.3.

the controlled substance pursuant to a lawful order of a practitioner," reversal and retrial were necessary. *Id.*

¶ 17     *Whaley* does not support defendant's position. The division in *Whaley* specifically addressed an exception contemplated by the possession statute. Here, section 18-18-403.5 considers exceptions from "part 1 or 3 of article 42.5 of title 12, C.R.S., part 2 of article 80 of title 27, C.R.S., section 18-1-711, section 18-18-428(1)(b), or part 2 or 3 of this article." Section 18-18-413 is not included in that list. And while we construe statutes as a whole and attempt to harmonize them, we are not required to read into a statute an affirmative defense that is not there. While the language defendant relies on in section 18-18-413 might present a defense to the crime of unauthorized possession of a prescribed controlled substance, *see* COLJI-Crim. 18:57 (2015) (describing the elements of the crime of unauthorized possession of a prescribed or dispensed controlled substance section 18-18-413), it does not present an affirmative defense to unlawful possession under section 18-18-403.5.

¶ 18     Furthermore, for the trial court to have reversibly erred in failing to tie this instruction to the elemental instructions given to the jury, that error would have to have been "plain and obvious."

9

Defendant's proposed construction is neither plain nor obvious.
Thus, the trial court did not commit plain error by not adopting this
construction sua sponte. Accordingly, we reject defendant's
contention that she should receive a new trial on this basis.

### 2. Section 18-18-302(3)(c)

¶ 19    Section 18-18-302(3)(c) is an affirmative defense to unlawful
possession of a controlled substance. *Whaley*, 159 P.3d at 760.
Under section 18-18-302(3)(c):

> The following persons . . . may lawfully possess
> controlled substances under this article: [a]n
> ultimate user or a person in possession of any
> controlled substance pursuant to a lawful
> order of a practitioner.

¶ 20    We do not agree that the affirmative defense contained in
section 18-18-302(3)(c) applies to the charges against defendant.
*Whaley* addressed a charge of attempted possession and concluded
that "the trial court erred by refusing to instruct the jury that it was
the prosecution's burden to disprove, beyond a reasonable doubt,
evidence that defendant attempted to gain 'possession of the
controlled substance pursuant to a lawful order of a practitioner.'"
159 P.3d at 760 (quoting § 18-18-302(3)(c)). Because section
18-18-302(3)(c) is an affirmative defense to attempted possession, it

is also a defense to possession (the charges against defendant in this case). However, the defendant in *Whaley* was attempting to refill a prescription that had been prescribed to *him* by a practitioner. *Id.* at 758. Here, defendant was charged with possessing medications for which she did not have a valid prescription from a practitioner. To read *Whaley* as defendant suggests would be to expand section 18-18-302(3)(c) beyond the language of the statute and the division's interpretation in *Whaley*.

¶ 21 Furthermore, even if we were to assume that the court erred in failing to sua sponte give this affirmative defense, that error is only reversible if it is "obvious and substantial" because defendant did not request that the court give such an instruction. Here, we cannot conclude the error was obvious because a reading of section 18-18-403.5 and 18-18-302(3)(c) does not immediately alert a court that section 18-18-302(3)(c) is an affirmative defense to possession. Because *Whaley* was decided under section 18-18-405(1)(a), C.R.S. 2006, which at the time included simple possession, and because simple possession has since been recodified in section 18-18-403.5, the application of section 18-18-302(3)(c) to the circumstances here was not so clear cut that the court should have been able to avoid it

11

without the benefit of counsel. *See People v. Cardman*, 2016 COA 135, ¶ 87 ("Under the plain error standard, 'the defendant bears the burden to establish that an error occurred, and that at the time the error arose, *it was so clear cut and so obvious* that a trial judge should have been able to avoid it without benefit of objection.'" (quoting *People v. Conyac*, 2014 COA 8M, ¶ 54)) (emphasis added), *cert. granted & judgment vacated*, (Colo. No. 16SC789, Apr. 10, 2017) (unpublished order); *cf. People v. Stewart*, 55 P.3d 107, 120-21 (Colo. 2002) (trial court did not commit plain error in failing to sua sponte give the jury defendant's affirmative defense instruction); *People v. Gorman*, 983 P.2d 92, 95 (Colo. App. 1998) ("In these circumstances, the trial court's failure sua sponte to instruct the jury on the affirmative defense was not plain error."), *aff'd on other grounds*, 19 P.3d 662 (Colo. 2000).

## II. Prosecutorial Misconduct

¶ 22    Defendant argues that the prosecutor committed reversible error by arguing that section 18-18-413 was not an affirmative defense to section 18-18-403.5 and by misstating the evidence in closing arguments. We disagree.

## A.     Additional Facts

¶ 23     Throughout the trial, the prosecutor argued that defendant was guilty because she did not have a prescription for the medications in her purse.  Defendant argued this was a misstatement of law because a defendant may have permission from someone with a prescription to hold the medication under section 18-18-413.  The court allowed the prosecutor to present his argument during trial.

¶ 24     During closing arguments, the prosecutor made the following three statements defendant argues are misstatements of fact:

- Regarding defendant's alleged robbery, "[t]he officers looked into it, and didn't find anything."

- Regarding the neighbor's purse being too small to hold her prescriptions, "I've been in the presence of many purses, and I can tell you they always seem to have either zippers or buttons that allow them to be closed fairly securely.  So the initial claim . . . as to why this happened just doesn't seem to fly."

- Regarding the lack of a label on one of the prescription bottles, "as anybody can note, these prescriptions are

stuck to these bottles. And it's very, very difficult to get them off. And there doesn't seem to be any evidence that the stickiness was still on that bottle."

¶ 25 Defendant did not object to these statements.

## B. Standard of Review

¶ 26 Defendant objected to the prosecutor's statement of the law, and we therefore review for harmless error. *Cider v. People*, 186 P.3d 39, 42 (Colo. 2008). Reversal is mandated only if we conclude that error occurred and that there is a reasonable probability that the error contributed to the guilty verdict. *Id.*

¶ 27 Defendant did not object to the prosecutor's comments on the evidence, and, thus, we review for plain error. *See People v. Ujaama*, 2012 COA 36, ¶¶ 37-38. Prosecutorial misconduct amounts to plain error when it is flagrant, glaring, or tremendously improper. *Id.* at ¶ 70; *People v. Strock*, 252 P.3d 1148, 1152 (Colo. App. 2010). The misconduct must "so undermine the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction." *People v. Weinreich*, 98 P.3d 920, 924 (Colo. App. 2004), *aff'd*, 119 P.3d 1073 (Colo. 2005).

## C.  Law

¶ 28    When considering a claim of prosecutorial misconduct, "the reviewing court engages in a two-step analysis." *Wend v. People*, 235 P.3d 1089, 1096 (Colo. 2010). "First, it must determine whether the prosecutor's questionable conduct was improper based on the totality of the circumstances and, second, whether such actions warrant reversal according to the proper standard of review. Each step is analytically independent of the other." *Id.* (citation omitted). "Plain error review maximizes deference to the trial court, but it does not excuse the appellate court from its responsibility to address errors that prejudice the defendant." *Id.* at 1097.

¶ 29    It is improper for counsel to express his or her personal belief regarding the truth or falsity of testimony during final argument because the truthfulness of testimony and the credibility of witnesses are matters to be determined by the trier of fact, and not by the advocates. *Wilson v. People*, 743 P.2d 415, 418 (Colo. 1987). "[A] prosecutor, while free to strike hard blows, is not at liberty to strike foul ones." *Domingo-Gomez v. People*, 125 P.3d 1043, 1048 (Colo. 2005) (quoting *Wilson*, 743 P.2d at 418).

### D.     Analysis

#### 1.     Misstatement of Law

¶ 30     Because we have concluded that under the circumstances here section 18-18-413 is not an affirmative defense to section 18-18-403.5, we discern no error in the prosecutor's argument both during voir dire and closing argument.

#### 2.     Misstatement of Evidence

¶ 31     The prosecutor's statements regarding the robbery, the purse, and the prescription bottle were reasonable inferences drawn from the evidence presented at trial.  While the prosecutor may not give his or her personal opinion on the credibility of a witness, he or she can "comment on the lack of evidence confirming a defendant's theory of the case," *People v. Liggett*, 114 P.3d 85, 89 (Colo. App. 2005), *aff'd*, 135 P.3d 725 (Colo. 2006), and can suggest jurors draw reasonable inferences from their common knowledge, *People v. Rodriguez*, 794 P.2d 965, 976 (Colo. 1990).  Here, the prosecutor's comments were drawn from the evidence presented at trial, but even if we were to agree with defendant that the prosecutor struck some "foul blows" with his argument, we are unpersuaded that these comments rose to the level of plain error.  In short, these

16

statements were neither flagrant, nor glaring, nor tremendously improper. *See, e.g., id.* at 974 (as long as the argument does not bring in extrinsic matters, and is not presented in an inflammatory manner, it is not objectionable).[3]

### III. Conclusion

¶ 32    The judgment is affirmed.

JUDGE TAUBMAN and JUDGE NAVARRO concur.

---

[3] Because we conclude the prosecutor committed no misconduct, we reject defendant's contention that these alleged errors cumulatively require reversal. *See People v. Thomas,* 2014 COA 64, ¶ 61 ("To warrant reversal of a conviction based on cumulative error, 'numerous errors [must] be committed, not merely alleged.'" (quoting *People v. Whitman,* 205 P.3d 371, 387 (Colo. App. 2007)) (alteration in original).